ROSS B. RADKE *et al.*, Plaintiffs and Counterdefendants-Appellants, v. INDEPENDENCE TUBE CORPORATION *et al.*, Defendants and Counterplaintiffs-Appellees.

Third District   No. 3—97—0987

Opinion filed November 19, 1998.

Eric B. Deobler (argued), of White, Marsh, Anderson, Vickers & Deobler, of Ottawa, for appellants.

Keith R. Leigh (argued), of Pool, Leigh & Fabricius, of Ottawa, for appel-·lee City of Marseilles. ·

Randy Curato (argued) and Bruce E. Lithgow, both of Bell, Boyd & Lloyd, of Chicago, for appellee Independence Tube Corporation.

JUSTICE KOEHLER delivered the opinion of the court:

The plaintiffs, Ross and Kathryn Radke (the Radkes), filed suit in the circuit court of La Salle County, seeking to quiet title and to

terminate an easement traversing their property. The defendant, Independence Tube Corporation, filed a counterclaim, seeking a declaration of its rights. The circuit court dismissed the plaintiffs' complaint, and, on the defendant's counterclaim, held that the defendant enjoyed an express easement in a railroad track on the plaintiff's land and easements by implication and prescription in drainage ditches running along each side of the railroad track. On appeal, we must decide whether the circuit court abused its discretion in concluding that the defendant possesses a property interest in the drainage ditches. Because we conclude that the defendant acquired a prescriptive easement in the drainage ditches, we affirm.

In October 1966, the Chicago, Rock Island and Pacific Railroad Company (the Rock Island) built a railroad track—a spur track—running from its mainline track across its property to land owned by the Pittsburgh-Des Moines Steel Company. The spur track was completed in 1968 and included drainage ditches on each side.

The Rock Island sold the land surrounding the spur track in 1969, reserving the following express easement:

> "Grantor reserves unto itself, its successors and assigns, its trackage and an easement for railroad right of way with the right to construct, repair, renew, use, operate over and replace or remove said railroad tracks and appurtenances thereto, in, over and along that portion of the premises herein conveyed 30 feet wide being 15 feet on each side of the centerline of the spur track as now located on the premises; to have and to hold as long as required for railroad purposes and until permanently abandoned and the trackage removed from the premises."

The land traversed by the spur track is now owned by the Radkes, subject to this same easement. The mainline track is now owned by the CSX Corporation, and Independence Tube currently possesses the spur track and the property it serves.

In 1995, the Radkes filed suit against Independence Tube, among others, attempting to terminate the easement and quiet title. Independence Tube filed a counterclaim seeking a declaration as to its property interest in the spur track and the drainage ditches. After several hearings, the circuit court dismissed the Radkes' complaint and concluded that Independence Tube enjoyed an express easement in the spur track and easements by implication and prescription in the drainage ditches. The Radkes now appeal.

■ A trial court's grant or denial of a request for a declaratory judgment is reviewed for an abuse of discretion. *Drayson v. Wolff*, 277 Ill. App. 3d 975, 979, 661 N.E.2d 486, 490 (1996). However, because the basis for granting or denying declaratory relief is, in most cases,

readily discernible to a reviewing court, the circuit court's decision in a declaratory judgment action is not given the same deference as is the circuit court's exercise of discretion in other contexts. *Athanas v. City of Lake Forest*, 276 Ill. App. 3d 48, 52, 657 N.E.2d 1031, 1034 (1995).

■■■ Did Independence Tube acquire an easement by prescription in the drainage ditches on each side of the express easement? To acquire a prescriptive easement, a claimant must show that its use of the land was: (1) open; (2) adverse; (3) continuous and uninterrupted; and (4) under a claim of right for a period of 20 years or more. *Petersen v. Corrubia*, 21 Ill. 2d 525, 531, 173 N.E.2d 499, 502 (1961). The parties have stipulated that the spur track and the ditches have been in existence since 1968 and that the back slope of the drainage ditches encroach on the land outside of the express easement. The use of the ditches has been open; no effort was made to conceal the encroachment. The use has been adverse; the owners of the spur track have used the drainage ditches and have encroached upon the surrounding land without permission. The use has been continuous and uninterrupted and under a claim of right for 20 years; for 30 years the drainage ditches have been used under a continuous claim of right with periodical acts that put the owners of the land on notice of the encroachment. The Radkes were aware of the ditches and the encroachment when they purchased the property in 1988. This encroachment is as old as the easement itself and has been open, adverse, continuous and uninterrupted and under a claim of right for 20 years. We conclude that the circuit court did not abuse its discretion in holding that the defendant enjoyed a property interest in the ditches by virtue of a prescriptive easement.[1]

Affirmed.

HOLDRIDGE and SLATER, JJ., concur.

---

[1] We express no opinion on the validity of alternative grounds which may (or may not) support the circuit court's judgment.